COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                                    SUPERIOR COURT
CIVIL ACTION NO.: 19-1995

PHILIP DILORENZO )
)
   Plaintiff, )
)
v. )    PLAINTIFF CLAIMS
)    TRIAL BY JURY
)
BOY SCOUTS OF AMERICA, CORP.; )
and ROBERT BULENS, )
)
   Defendants. )

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
JUL 12 2019
CLERK

## COMPLAINT

### PARTIES AND FACTS

1. The Plaintiff, Philip DiLorenzo resides in Manchester, New Hampshire.

2. The Defendant, Boy Scouts of America, Corp. ("BSA") is a foreign corporation located at 1325 W. Walnut Hill Lane, Irving, Texas 75038 with a Massachusetts office at 23 Turnpike Road, Southborough, Worcester County Massachusetts.

3. The Defendant Robert Bulens is an individual residing a 27 Wellesley Avenue, Arlington, Middlesex County, Massachusetts.

4. At all times relevant to the tortious conduct alleged in this complaint, Plaintiff DiLorenzo was an unemancipated minor who was invited to participate in meetings, events, and activities run and sponsored by Defendants.

5. At all times pertinent hereto, Plaintiff was a Boy Scout in the Minuteman Council, Woburn, Massachusetts.

6. At all times pertinent hereto, Dan Riley, who is deceased, was the scoutmaster of the Minuteman Council. The Defendant Bulens was the assistant scoutmaster.

1

7. On numerous occasions during the period of the late 1970's, the Plaintiff was sexually abused by Riley and the Defendant Bulens at several locations including locations such as a church and a camp which were engaged in BSA-sanctioned activities.

8. Shortly after its inception, Defendant BSA became aware that a significant number of its adult Boy Scout leaders ("Scout Leaders") were using their position of trust and authority as Scout Leaders to manipulate and sexually abuse youth participating in Defendant's BSA's scouting program.

9. Since its inception, BSA aggressively marketed the wholesomeness and safety of its programs to the American public. Simultaneously, BSA concealed from scouts and their parents BSA's certain knowledge that pedophiles had been infiltrating BSA in large numbers for many years. BSA also misrepresented to scouts and their parents that scouts were safe in scouting programs, when, in fact, scouts were at an unreasonably heightened risk of sexual abuse by adult Scout Leaders. BSA made said misrepresentations to Plaintiff and his parents.

10. Despite knowledge of the danger of sexual abuse of boys in scouting, at no time prior to the late 1970's did Defendant BSA warn boys in its programs – or their parents – about this known danger, nor implement reasonable and feasible child abuse prevention policies. Nor did BSA alert authorities to the nature and scope of this known danger. Instead, Defendant intentionally and actively concealed the continuous and systemic danger of sexual abuse of boys in its program by Scout Leaders. Defendant also actively promoted and represented to the public that its scouting programs were safe and wholesome and its Scout Leaders were safe and trustworthy.

11. At all times relevant to this Complaint, Defendant BSA invited participation of boys, including the Plaintiff in this case, in its scouting program and selected adults to serve as

Scoutmasters or in similar leadership positions as Scout Leaders.

12. Defendant BSA selected or accepted Riley as a Scoutmaster, and Defendant Bulens as an assistant Scoutmaster.

13. Defendant BSA knew or should have known of the danger that Riley and Bulens presented to boy scouts before Plaintiff was abused. Despite this knowledge, Defendants ignored the danger and permitted Riley and Bulens to prey upon Plaintiff by failing to warn of the danger and failing to implement reasonable policies to prevent and identify child sexual abuse in scouting.

14. As a direct result of the Defendants' conduct described herein, Plaintiff have suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress and mental anguish, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, shame and psychological injuries. Plaintiff was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of his life.

15. The Plaintiff was born on July 15, 1966 and his claim against the Defendant Bulens is timely under G.L. c.260, §4C. Further, Plaintiff has discovered in the last 7 years that he sustained emotional or psychological injury as a result of Defendants' actions and that his claim against BSA is also timely under said statute.

## COUNT I
### (Sexual Abuse – Bulens)

16. The Plaintiff repeats the allegations of paragraphs 1-15 as if fully set forth herein.

17. At all times relevant Defendant Bulens intended to cause and did cause harmful contact to Plaintiff's person.

18. At all times relevant the Plaintiff did not and could not consent to the conduct of the Defendant.

19. Defendant's conduct was done knowingly, willfully, and with malicious intent.

20. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered mental anguish. This includes but is not limited to self-image issues, difficulty maintaining relationships, intimacy issues, strain on familial relationships, anxiety, sleep issues, and difficulties at work. The injuries inflicted by the Defendant have significantly impacted plaintiff's ability to enjoy life. These injures and damages are permanent.

WHEREFORE, the Plaintiff claims damages against Defendant, together with interests and costs.

## COUNT II
### (Intentional Infliction of Emotional Distress – Bulens)

21. Plaintiff incorporates by reference the allegations of Paragraphs 1-20 as if fully set forth herein.

22. By committing sexual abuse on the minor Plaintiff, the Defendant Bulens intended to cause Plaintiff emotional distress; or knew or should have known Plaintiff would suffer emotional distress as a result of his conduct.

23. The Defendant's sexual abuse of a minor is extreme and outrageous conduct beyond the bounds of decency.

24. Defendant's conduct was done knowingly, willfully, and with malicious intent.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered mental anguish. This includes but is not limited to self-image issues, difficulty maintaining relationships, intimacy issues, strain on familial relationships, anxiety, sleep issues, and difficulties at work. The injuries inflicted by the Defendant have significantly impacted plaintiff's ability to enjoy life. These injures and damages are permanent.

WHEREFORE, the Plaintiff claims damages against Defendant, together with interest and costs.

## COUNT III
### (Negligence vs. BSA)

26. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

27. Defendant owed Plaintiff a duty to protect Plaintiff based upon a special relationship between Defendant and Plaintiff, as well as the special relationship between Defendants.

28. Defendant breached the duty to protect Plaintiff.

29. Defendant's breach of its duty is the proximate cause of Plaintiff's injuries.

30. The harm suffered by Plaintiff was foreseeable to Defendant. Defendant BSA knew or should have known it was exposing Plaintiff to an unreasonable risk of harm.

31. As a direct result of Defendant BSA's negligent conduct, Plaintiff has suffered injuries and damages described herein.

WHEREFORE, the Plaintiff claims damages against Defendants, together with interests and costs.

PLAINTIFF CLAIMS TRIAL BY JURY

Respectfully Submitted,
The Plaintiff
By His Attorneys,

*/s/ Alan L. Cantor*
James A. Swartz, BBO #556920
Alan L. Cantor BBO #072360
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 02108
617-742-1900

*/s/ Paul Mones*
Paul Mones
BBO # 542289
13101 Washington Blvd.
Los Angeles, CA 90066
(310) 566 7419

Dated: July 12, 2019